IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **06-cv-2503-JLK**

**JENNIFER NGUYEN,**

    Plaintiff,

v.

**STATE OF COLORADO,
DEPARTMENT OF TRANSPORTATION and
CELINA BENAVIDEZ, in her official capacity,**

    Defendants.

## ORDER ON SUMMARY JUDGMENT AND REFERRING CASE FOR SETTLEMENT

Kane, J.

This Title VII employment discrimination case is before me on Defendant's Motion for Summary Judgment (Doc. 19). Plaintiff's ability to withstand summary judgment, on any of her claims, presents an extremely close call on this record. Ultimately, her race/national-origin based discrimination and retaliation claims boil down to questions of credibility and demeanor which, however clear they appear on the record, I am unwilling to take from a jury. Rather than engage in a lengthy analysis of each claim under the burden-shifting formula articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), I make the following observations and refer the case for settlement negotiations. If the parties are unable to reach an informal resolution, the matter will be set for a pretrial conference and forthwith trial.

1. <u>Plaintiff's hostile work environment and gender discrimination claims fail as a matter of law under Rule 56(c)</u>.

Plaintiff's contrary assertion notwithstanding, neither of the allegedly false and "harassing" accusations of having broken into a colleague's office or leaving a $1 million dollar check out on her desk can reasonably be viewed as being related to Nguyen's race or national origin on this record. As for Nguyen's allegations that Copeland mistook her for the only other Asian employee in the office and asked her questions about Vietnamese culture, while offensive, these are not the types of racial comments or "ridicule" that are "hallmarks of hostile work environment claims." *See Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998). Nguyen acknowledges she "didn't think much about" these comments (Nguyen Affid. (Doc. 19-2) ¶ 33) and, given that she identifies no other instances where her race or ethnic origin were even mentioned, the record permits no inference that Nguyen was subjected to a "steady barrage of opprobrious racial comments" necessary to a hostile work environment claim. *See Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005).

Nguyen's gender-based claims fare no better, in that neither her January 2005 transfer nor her August 2005 termination can reasonably be linked to her status as a woman. Nguyen was a probationary employee whose replacement by a man is less probative of gender-based discrimination in this case than it may be otherwise.

Even assuming Nguyen's replacement by Lane were sufficient to establish her prima facie case, Nguyen fails utterly to create a triable issue on the question of pretext.

CDOT has come forward with substantial evidence in the record that its transfer and termination decisions with regard to Nguyen were performance based, and Nguyen fails to rebut this evidence with evidence suggesting it was her gender, rather than her performance, that actually motivated them.

2. <u>Nguyen's testimony and her January - March 2005 grievance history are sufficient to support an inference of national origin-based discrimination and retaliation</u>.

For purposes of summary judgment, I resolve all questions regarding Nguyen's testimony in her favor and assume reasonable jurors could judge her presence and demeanor as inconsistent with CDOT's characterization of her as a belligerent and difficult supervisor and employee.[1] That testimony and the fact that she threatened and then actually filed grievances alleging race and national origin-based discrimination against supervisors Copeland and Motzkus shortly before her termination in August 2005 are sufficient, on her race and national origin-based discrimination and retaliation claims, to support an inference of pretext with respect to CDOT's proffered performance-based reasons for terminating her.

In so ruling, I caution Plaintiff that her anecdotal evidence/testimony that "similarly situated" nonminority employees were treated differently than she is

---

[1] These questions are, in my view, appropriately answered not by a trial judge on summary judgment, but by a jury whose primary function is to make determinations about people's conduct and credibility based on objective standards. *See generally*, A. Miller, *The Pretrial Rush to Judgment: Are the "Litigation Explosion," "Liability Crisis," and Efficiency Clichés Eroding our Day in Court and Jury Trial Commitments?* 78 N.Y.U. Law. R. 982, 1132 (June 2003)(consideration of objective standards of "human behavior, reasonableness, and state of mind [are] matters historically considered at the core province of jurors").

insufficient under applicable case law to establish discriminatory animus under a disparate impact theory of relief. Such evidence will not be admissible to prove discriminatory intent in this, a disparate treatment case, in the absence of evidence demonstrating a "significant discriminatory pattern" of impact in the treatment of minority and nonminority employees at CDOT. *See Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136, 1152 (10th Cir. 2008)( rejecting plaintiffs' assertion that their employer applied a gender neutral anti-nepotism policy in a manner that discriminated against them as women based on one example of similarly situated male family members being permitted to work at the company while plaintiffs were not).

Based on the foregoing, Defendant's Motion for Summary Judgment (Doc. 15) is GRANTED in part and DENIED in part. Summary judgment shall enter against Plaintiff and in favor of Defendant on Plaintiff's Title VII hostile work environment and gender-based discrimination and retaliation claims. Plaintiff's remaining claims for race and national origin-based discrimination and retaliation under Title VII are REFERRED to Magistrate Judge Watanabe for settlement.

Dated September 21, 2009.              **John L. Kane**
                                        SENIOR U.S. DISTRICT JUDGE